UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE WEISBROD,

        Plaintiff,

vs.                                        CASE NO.:

SAM'S AUTOMOTIVE SERVICES,
INC., d/b/a SAM'S AUTO REPAIR
SERVICE, a Florida Profit Corporation,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANE WEISBROD ("Plaintiff"), brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA") against SAM'S AUTOMOTIVE SERVICES, INC., d/b/a SAM'S AUTO REPAIR SERVICE ("Defendant').

## PARTIES

1.     Plaintiff was employed by Defendant as a dispatcher and performed related activities for Defendant in and around Sarasota County.

2.     Defendant, Sam's Automotive Services, Inc., d/b/a Sam's Auto Repair Service, is a Florida Profit Corporation licensed to do business in Florida that operates and conducts business in, among others, Sarasota County, Florida, and is therefore within the jurisdiction of this Court.

## STATEMENT OF FACTS

3.     This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

4.     This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and

1

the FLSA.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

6. Defendant operates an automotive assistance business serving southwest Florida. At all material times relevant to this action, Defendant had gross revenues of at least $500,000.00 annually and employed employees engaged in commerce or in the production of goods for commerce. Defendant's employees handle, sell and otherwise work on goods that have been moved in or produced for commerce. For example, employees employed by Defendant handles or works on goods that have been moved or produced for commerce such as tools, parts and equipment shipped to Defendant from out of state suppliers.

7. As a dispatcher, Plaintiff was not exempt from the overtime requirement of the FLSA.

8. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

9. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

10. By Plaintiff's estimates, she routinely worked over thirty hours of overtime per week through February 2016, for which she was not paid at one and one half times her regular rate of pay for all hours worked over forty. Subsequent to February 2016, Plaintiff estimates she worked up to 5 hours of overtime per week.

11. Upon information and belief, many of the records, to the extent that any exist,

concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of the Defendant.

12. Upon information and belief, Defendant did not rely on and Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

13. Defendant employs more than fifteen employees and is a relatively sophisticated employer with the resources to ensure compliance with the FLSA. Therefore, Defendant knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

14. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-13 above.

15. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

16. During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

17. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

18. Defendant was aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

19. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

20. Defendant failed to post required FLSA informational listings as required by the

FLSA.

21. Defendant's conduct was in reckless disregard of the overtime requirements of the FLSA.

22. Defendant willfully violated the FLSA.

23. Plaintiff is entitled to liquidated damages.

24. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her but Defendant failed to pay her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## JURY DEMAND

The Plaintiff requests that upon trial of this action all issues be submitted to and determined by a jury.

Dated this 9th day of January, 2017.

**MORGAN & MORGAN, P.A.**

*/s/ Marc R. Edelman*
MARC R. EDELMAN, ESQ.
Fla. Bar No. 0096342
Morgan & Morgan, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Fax: 813-257-0572
Email: Medelman@forthepeople.com
*Attorney for Plaintiff*